**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-__-_____-____-____

WALTER SCOTT,

Plaintiff,

v.

MEMORIAL HOSPITAL and DAVID L. HEADLEY, D.O.,

Defendants.

_____

**COMPLAINT**
_____

COMES NOW the Plaintiff, Walter Scott (hereinafter referred to as "Plaintiff" or "Mr. Scott"), the husband of Mrs. Patsy Scott, deceased, by and through his attorneys of record, and for his Complaint and Jury Demand states and avers as follows:

**JURISDICTION, VENUE AND PARTIES**

1.  The negligence complained of herein occurred in El Paso County, Colorado, commencing on or about March 16, 2006.

2.  Upon information and belief, Defendant DAVID L. HEADLEY, D.O. ("Dr. Headley") was, at all times relevant, a physician duly licensed to practice medicine within the State of Colorado. Upon information and belief, at all times relevant Dr. Headley was a citizen and

resident of the County of El Paso, State of Colorado. Further, the acts complained of herein occurred in El Paso County, Colorado. Defendant Memorial Hospital was at all times relevant a licensed healthcare facility located in El Paso County, Colorado, and undertook to provide healthcare related care and treatment for Mrs. Scott, including nursing and related care, by and through it's employees and representatives

3.  Plaintiff, Walter Scott (hereinafter referred to as "Mr. Scott") currently is a citizen and resident of the state of Texas.

4.  Jurisdiction over the Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.  Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS.

6.  Plaintiff incorporates, herein by reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

7.  Mrs. Patsy Scott was a cancer patient who been followed by oncology since in or about 1997 following mastectomy for breast cancer. Despite episodes of hypercalcemia, Mrs. Scott had been maintained in stable condition with repeated courses of chemotherapy.

8.  On or about March 16, 2006 Mrs. Scott was admitted as a patient at Defendant Memorial Hospital because of an episode of abdominal pain which was eventually attributed to constipation, and remained there until on or about April 14, 2006.

9.  At relevant times, Mrs. Scott was a patient of Defendant Thomas Headley, M.D., and Defendant Thomas Headley, M.D., together with Defendant Memorial Hospital, were

collectively responsible for providing appropriate medical, nursing and related care and treatment for Mrs. Scott during her admission, including but not limited to medication related care and treatment and appropriate follow-up care and treatment and monitoring.  As Mrs. Scott's treating physician, Dr. Headley was ultimately responsible for the medical care and treatment, and oversight of the medical and nursing care and treatment, of Mrs. Scott.  Similarly, Defendant Memorial Hospital had responsibility for medical related care, including the nursing and medication related care and treatment of Mrs. Scott.

10.     Subsequent to admission, Mrs. Scott was erroneously given Thorazine 75mg/d, instead of being given Thyroxin 75 ugm/d, (which event is sometimes hereinafter referred to as "medication error"),  Thyroxin was intended to treat longstanding hypothyroidism.

11.     The medication error was not detected until on or about March 18, 2006, at which time the inappropriate Thorazine medication was discontinued, and Thyroxin was begun. By that time Mrs. Scott's mental status had become significantly depressed and she remained persistently somnulent.

12.     Because of the medication error Mrs. Scott's hospital course was complicated by an episode of pneumonia, a well known complication of swallowing problems associated with a depressed mental status associated with prolonged neurologic problems, from which Mrs. Scott never completely recovered.

13.     Because of the prolonged bed rest associated with her hypersomnulence and pneumonia caused by the medication error, Mrs. Scott became severely debilitated and required a period of rehabilitation which was unsuccessful in restoring her to her pre-medication error status. She thereafter required a walker for ambulation.

14.     An additional course of chemotherapy which, upon information and belief, was required to treat her neoplasm, could not be given because of her state of debilitation caused by the Defendants' negligence.  Consequently, Mrs. Scott was placed in hospice care to await her death.  Mrs. Scott passed away on May 9, 2006.

15.     The negligence of the Defendants resulted in substantial harm and damage to Mrs. Scott and to Plaintiff, including depriving Mrs. Scott of the opportunity of further medical treatment for her cancerous condition, and causing Mrs. Scott to become extremely ill, and from which she never recovered, thereby causing, contributing to, and/or resulting in, her death, or alternatively, hastening her death, and causing immense pain and suffering to Mrs. Scott and to her husband, Mr. Scott.  The medication error resulted in a lost opportunity for remission or slowing of the progress of the malignancy and prevention of its progression and metastatic spread.  Mr. Scott has incurred and/or in the future will incur hospital, medical and other health care related expenses, lost home services, past, present and future, loss of consortium including loss of affection, society, companionship, and aid and comfort, grief, physical and mental pain and suffering, mental anguish, severe emotional distress, loss of enjoyment of life pursuant to Colorado Revised Statute § 13-21-201,  § 13-21-202 and § 13-21-203, medical, therapeutic and related health care expensed, and other damages and injuries.

### FIRST CLAIM FOR RELIEF
**(Negligence)**

16. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand.

17. The Defendants were negligent in the care and/or treatment rendered to Mrs. Scott in that they acted in a manner in which reasonably careful healthcare providers undertaking the care and/or treatment of Mrs. Scott would not do or failed to act in a manner in which reasonably careful healthcare providers undertaking the care and/or treatment of Mrs. Scott would have at the same time, under the same or similar circumstances.  The negligence attributable to the Defendants includes providing Mrs. Scott with the wrong medication and failing to realize or recognize that the wrong medication was being provided to Mrs. until substantial harm and damage had occurred as a result.

18.     As a proximate result of the negligent acts set forth hereinabove, upon information and belief, Mrs. Scott suffered significant harm and damage, and upon information and belief, said acts caused or contributed to, or hastened the death of Mrs. Scott.  Mr. Scott has suffered, upon information and belief, permanent and/or irreversible injury, loss of consortium, and will continue to suffer substantial harm and damage, including as set forth in this Complaint and Jury Demand.

**SECOND CLAIM FOR RELIEF**
**(Loss of Consortium)**

19. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand.

20. The Defendants, as outlined hereinabove, were negligent.

21. Mrs. Scott, the spouse of Plaintiff, was injured and ultimately died as a direct and proximate result of the Defendants' negligence.

22. Plaintiff and Mrs. Scott were married at the time Mrs. Scott was injured and ultimately died.

23. As a result of such injuries and death, Plaintiff has suffered a loss of his rights of

consortium.

24.  Plaintiff has suffered non-economic damages, including emotional distress damages, anguish, suffering, loss of enjoyment of life, loss of affection, society, companionship, and aid and comfort, and economic damages, including hospital, medical and other health care related expenses.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against the Defendants, for general, special, and consequential economic and non-economic damages in conformance to proof at trial, for loss of consortium, and including but not limited to past, present, and future, mental, and emotional harm and/or damage, and/or pain, damages in the greatest amount lawfully awardable relative to the death of Mrs. Scott (including all damages recoverable for wrongful death pursuant to C.R.S. Section § 13-21-201,  § 13-21-202 and § 13-21-203), and related statutory sections,  anguish, suffering, loss of enjoyment of life, medical, therapeutic and related health care expenditures, injuries suffered, in the greatest amount awardable, in conformance to proof at trial, together with pre-judgment and post-judgment interest in the highest lawful amount, costs, attorneys' fees to the extent awardable, expert witness fees, and such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 17th day of January, 2008.

- 7 -

**ANDREW T. BRAKE, P.C.**

By: s/ Andrew T. Brake
    Andrew T. Brake, Reg. No. 12021
    Andrew T. Brake, P.C.
    Attorneys for Plaintiff
    777 East Girard Avenue, Suite 200
    Englewood, Colorado 80113-2767
    Telephone: (303)806-9000

**PLAINTIFF'S NAME, ADDRESS AND TELEPHONE NUMBER:**

600 Enterprise Blvd, No 219,

Rockport, TX   78382 (located within the County of Aransas, Texas)

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of January, 2008, a true and correct copy of the above and foregoing **COMPLAINT AND JURY DEMAND**, was e-mailed, addressed to the following:

Mr. Walter Scott
600 Enterprise Boulevard, #213
Rockport, Texas 78382
Email: waltnpatscott@earthlink.net

                                                                        By: s/*Andrew T. Brake, Esq.*